```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**GREGORY L. GALES,**

                Petitioner,

       v.                         CASE NO.  09-3189-RDR

**WARDEN SAM KLINE,**

                Respondent.

## O R D E R

This "Application for Habeas Corpus Proceedings Pursuant to 28 U.S.C. § 2241(A)" was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Having considered the papers filed, the court finds as follows.

Mr. Gales has also filed a Motion to Proceed Without Prepayment of Fees (Doc. 2), which does not include the financial affidavit required by statute. The inmate account statement attached to the motion indicates petitioner has sufficient funds to pay the $5.00 filing fee in this case, and petitioner has submitted the fee. For these reasons, this motion shall be denied.

Mr. Gales asserts he is "in custody in violation of the due process clause" and cites the Fourth and Fourteenth Amendments. He appears to allege there was a lack of search warrants in his state criminal case. At the same time he complains that he cannot locate the warrants, and alleges they might be "held in a case No. 2000-CR-85 without charges and arraignment of state charges".[1] He

---

[1] Gales attaches to his Petition (Doc. 1) an exhibit dated March 23, 2007, which is a letter from the Clerk of the Edwards County District Court, informing him that the search warrants he was "requesting to be added to the

claims he is "being denied due process to file lawsuit" and that "the fact there is no search warrants in any state court process" is "enough to invoke habeas corpus proceedings." He also claims the death certificate of the victim was changed ex post facto to indicate the place of the crime was the victim's home, when in fact the victim was living in a home owned by petitioner at the time of his death[2]. The court is asked to hold habeas corpus proceedings on Gales' "illegal restraint".

The short answer to petitioner's unclear allegations is that none is a proper ground for relief under 28 U.S.C. § 2241. The Tenth Circuit has held that a habeas petition brought pursuant to § 2241 is used to challenge the execution of a sentence, while a habeas petition under 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction or sentence. See McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997).

The more complicated answer is that petitioner is obviously trying to challenge his state court convictions, and is attempting to avoid statutory restrictions on his exclusive remedy for doing so, which is a petition under § 2254. He filed a prior § 2254 petition challenging his convictions; and this appears to be

---

record on appeal were never made part of case number 2000-CR-84" and thus could not be included "in the appeal file for case number 06-CV-1". Petitioner also exhibits a copy of a "Search Warrant" dated October 1, 2000, which appears to be for the house where the murder victim was found. The warrant indicates petitioner was "detained or arrested in connection with this search." Petitioner does not clearly state why these allegations would entitle him to federal habeas corpus relief.

[2] Gales attaches to his Petition a copy of a "Certificate of Death" of the murder victim in his case indicating the victim, his nephew, died "in his own home" of gunshot wounds. He seems to claim that this document was altered. He has raised claims regarding the death certificate before, and does not explain how these allegations impugn his state convictions.

another attempt to get around the court's prior rulings that his § 2254 claims are barred by the applicable statute of limitations. See Gales v. Morrison, 2008 WL 1925067 (D.Kan. May 1, 2008), COA denied, appeal dismissed, 283 Fed.Appx. 656 (10th Cir. July 1, 2008); see also Gales v. Meeks, Case No. 09-3180 (D.Kan.)(§ 1983 complaint improperly raising challenges to conviction). As the judge stated in Gales v. Meeks:

> The court declines to liberally construe this action, expressly filed as a § 1983 complaint, as a habeas corpus petition. However, even if it did, Mr. Gales would not have avoided either the statutory prior authorization requirement or the statute of limitations applicable to his federal habeas corpus claims. This court would find itself without jurisdiction to consider Mr. Gales' habeas claims, because he has not obtained prior authorization from the Tenth Circuit Court of Appeals for filing a second and successive habeas corpus petition. Furthermore, this court would decline to transfer this action to the Circuit for preauthorization because Mr. Gales' challenges to his state convictions underlying his current confinement are barred by the statute of limitations.

Id. at *5. Mr. Gales has been previously informed that "his exclusive remedy for challenging his state convictions is a § 2254 petition. He alleges no facts indicating the remedy under § 2254 is ineffective.

The court concludes this action must be dismissed for failure to state a claim for relief cognizable only under 28 U.S.C. § 2241. The court declines to recharacterize Mr. Gales' § 2241 petition as one under § 2254 because it is apparent he intentionally styled this action as a § 2241 petition to avoid the restrictions on second and successive § 2254 applications. He does not avoid those restrictions in this case for the pertinent reasons quoted above from Gales v. Meeks.

Finally, the court notes that the death certificate exhibited by petitioner improperly contains a Social Security Number that has not been redacted.

**IT IS THEREFORE ORDERED** that this petition is denied for failure to state a valid claim under § 2241.

**IT IS FURTHER ORDERED** that petitioner's Motion to Proceed Without Prepayment of Fees (Doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that the death certificate exhibit, Petition (Doc. 1), Attach. 4, shall be stricken from the record and placed under seal.

**IT IS SO ORDERED.**

DATED:  This 2nd day of October, 2009, at Topeka, Kansas.


                              s/RICHARD D. ROGERS
                              United States District Judge